IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

FILED
FEB 1 9 2009
WILLIAM B. GUTHRIE
Clerk, U.S. District Court
By_____ Deputy Clerk

RICHARD LEE LEWIS, )
 )
Petitioner, )
 )
v. ) Case No. CIV-08-194-RAW-KEW
 )
JUSTIN JONES, DOC Director, )
 )
Respondent. )

## OPINION AND ORDER

This action is before the court on the respondent's motion to dismiss petitioner's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. Petitioner, an inmate in the custody of the Oklahoma Department of Corrections who is incarcerated at Davis Correctional Facility in Holdenville, Oklahoma, challenges the calculation of his jail time credits toward his sentences in Tulsa County District Court Case Nos. 86-1818 and 86-1939. He alleges he should have received 74 days of credit for his confinement in the Oklahoma County Jail, while he was in "borrowed" custody of the United States Marshals Service from July 12, 1986, until September 22, 1986. He allegedly was taken from state custody in Tulsa County to federal custody to appear in federal court on charges.

The respondent alleges the petition was filed beyond the one-year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act of 1996, codified at 28 U.S.C. § 2244(d) (AEDPA):

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). The one-year limitations period also applies to § 2241 habeas corpus actions. *Burger v. Scott*, 317 F.3d 1133, 1138 (10th Cir. 2003).

The record shows that petitioner was convicted in Tulsa County on September 26, 1986, in Case Nos. CRF-86-1818 and 86-1939, with his two 25-year sentences to be served concurrently to each other and to a federal sentence in CR-86-115-A. On October 3, 1986, he was delivered to the Oklahoma Department of Corrections in error, but was turned over to federal custody on December 1, 1986. While in federal custody, he was credited with 4,753 days toward his Oklahoma sentences for the period from October 3, 1986, until October 7, 1999, when he returned to DOC custody. He also was credited with 48 days of jail time while held in the Tulsa County Jail on CRF-863-1818 and CRF-86-1939. On September 25, 2001, the staff at Oklahoma State Penitentiary made written inquiry to the Tulsa County Sheriff's Office about the accuracy of petitioner's jail time, and the response

indicated the DOC records were correct.

Petitioner is asserting he has a right to credits dating back to 1986. He filed DOC Requests to Staff regarding the issue on January 3, 2000; February 1, 2000; and September 17, 2001. He was advised that his records had been audited, and no additional credits were due. On February 16, 2000, he filed a grievance which was denied by the warden and on appeal to the DOC Director on March 28, 2000. Another grievance in 2007 was returned unanswered on June 13, 2007, because it was untimely. Petitioner also filed a state petition for a writ of habeas corpus in Pittsburg County District Court, but he was denied relief. *Lewis v. Sirmons*, No. C-2007-880 (Pittsburg County Dist. Ct. Apr. 7, 2008). The Oklahoma Court of Criminal Appeals also denied relief on appeal, finding petitioner had failed to establish his confinement was unlawful or that he was entitled to immediate release. *Lewis v. Sirmons*, No. HC 2008-0374 (Okla. Crim. App. May 5, 2008).

The respondent alleges the limitation period for petitioner's claim in this case began to run on March 28, 2000, when his grievance appeal was denied and the factual predicate of the claim could have been discovered through due diligence. *See* 28 U.S.C. § 2244(d)(1)(D). His deadline for this habeas corpus action, therefore, was March 28, 2001, and this habeas corpus petition, filed on May 28, 2008, was untimely.

Petitioner argues his limitation period began on May 5, 2008, when the Court of Criminal Appeals denied his state habeas corpus petition. Those proceeding, however, were commenced years after the one-year limitation period had expired and cannot serve to toll an already expired statute of limitations. *See May v. Workman*, 339 F.3d 1236, 1237 (10th Cir. 2003).

**ACCORDINGLY,** respondent's motion to dismiss time barred petition [Docket #7]

3

is GRANTED, and this action is, in all respects, DISMISSED.

**IT IS SO ORDERED** this 19th day of February 2009.

*Ronald A. White*

**RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**